Bandler v Bandler (2019 NY Slip Op 08985)





Bandler v Bandler


2019 NY Slip Op 08985


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-04722
 (Index No. 19703/04)

[*1]Judith Bandler, appellant, 
v
Brian Bandler, respondent.


Finkelstein Filler, LLP, Staten Island, NY (Edward R. Finkelstein of counsel), for appellant.
Buonamici & LaRaus, LLP, White Plains, NY (Lawrence B. LaRaus of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated May 17, 2017. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 2221(a) to modify so much of an order of the same court dated February 22, 2017, as appointed a certain forensic accountant and granted that branch of the defendant's cross motion which was for an award of counsel fees.
ORDERED that the order dated May 17, 2017, is affirmed insofar as appealed from, with costs.
In this postjudgment matrimonial action, the plaintiff moved, inter alia, for the appointment of a neutral forensic accountant to determine the defendant's actual income and to calculate any child support arrears owed by him. The defendant opposed the motion. In an order dated February 22, 2017, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and appointed Michael McLaughlin as the forensic accountant.
The plaintiff subsequently moved pursuant to CPLR 2221(a) to modify so much of the order dated February 22, 2017, so as to substitute the accounting firm of Citrin Cooperman as the court-appointed forensic accountant in place of McLaughlin or, in the alternative, to allow the plaintiff to select a forensic accountant of her own choosing. The plaintiff alleged, inter alia, that in 2011 her former counsel and McLaughlin were jointly sued for professional misconduct, which created a potential conflict, and Mclaughlin's office was located in the same building and next door to the office of the defendant's counsel, which created an appearance of impropriety.
The defendant opposed the plaintiff's motion and cross-moved to impose sanctions and for an award of counsel fees. The defendant argued, inter alia, that no conflict or appearance of impropriety existed, inasmuch as the case against the plaintiff's former counsel and McLaughlin had been dismissed, and the defendant's counsel had never engaged McLaughlin's professional services in any case. The Supreme Court, inter alia, denied the plaintiff's motion and granted that branch of the defendant's cross motion which was for an award of counsel fees. The plaintiff appeals.
We agree with the Supreme Court's determination to deny the plaintiff's motion. On [*2]this record, the plaintiff failed to establish a basis for the court to modify the prior order and appoint a new forensic accountant (see CPLR 2221[a]).
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
MILLER, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court